FILED: 2/22/2019 3:25 PM
David Trantham
Denton County District Clerk
By: Cameron Welter, Deputy

CAUSE NO. 19-1794-16

| | | |
|---|---|---|
| MAJID KARIMI, § | | IN THE DISTRICT COURT |
| dba NATIONAL HOME MORTGAG § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | | _____ JUDICIAL DISTRICT COURT |
| § | | |
| § | | |
| SENTINEL INSURANCE COMPANY, LTD., § | | |
| Defendant. § | | DENTON COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

**MAJID KARIMI dba NATIONAL HOME MORTGAG**, Plaintiff herein, files this his Original Petition against Defendant, **SENTINEL INSURANCE COMPANY, LTD.**, and, in support of his causes of action, would respectfully show the Court the following:

### I. PARTIES

1. Plaintiff, **MAJID KARIMI dba NATIONAL HOME MORTGAG**, resides and owns the property made the basis of this suit located at: 150 W. Main St., Lewisville, Texas 75057 in Denton County, Texas (the "Property").

2. Defendant, **SENTINEL INSURANCE COMPANY, LTD.**, ("SICL" or "Defendant") is a foreign entity authorized to engage in the insurance business in the State of Texas and may be served by serving its **Registered Agent for Service of Process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.** Service is requested by certified mail, return receipt requested at this time.

### II. DISCOVERY

3. Plaintiff intends to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

### III. CLAIM FOR RELIEF

4. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by

EXHIBIT C

Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## IV. JURISDICTION AND VENUE

5.  This court has subject matter jurisdiction of this cause of action, because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.  Venue is proper in Denton County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V. FACTUAL BACKGROUND

7.  Plaintiff entered into an agreement with Defendant to pay Defendant premiums in exchange for insurance coverage protecting Plaintiff's Property.

8.  The agreement was drafted by Defendant and assigned Policy Number 46SBAUQ0591 (the "Policy"). The Policy's effective date was during the date of loss (referred to as the "Policy Period").

9.  The Policy covers damage to property as a result of hail damage.

10. On or about April 10, 2017, a storm hit Denton County, Texas damaging Plaintiff's home and sustained damage as a result of hail.

11. Plaintiff subsequently filed a claim under the Policy.

12. Defendant assigned the claim, claim number CP0017559025 (referred to as the "Claim").

13. Defendant failed to perform a proper inspection of the Property and as a result improperly denied and underpaid the Claim.

14. Defendant and its adjusters assigned to the Claim prepared a report that failed to include all of the damages sustained by the Property and undervalued the damages observed during the inspection.

EXHIBIT C

15. Defendant and its adjusters' unreasonable investigation led to the underpayment and/or denial of Plaintiff's claim.

16. Moreover, Defendant and its adjusters performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

17. Lastly, Plaintiff is filing this lawsuit prior to the expiration of the 61st day after serving Defendant with a notice letter pursuant to § 542A.003 of the Tex. Ins. Code. Plaintiff is not required to serve Defendant with pre-suit notice, because Plaintiff has a reasonable basis for believing there is insufficient time to give pre-suit notice before the limitations period will expire. However, out of an abundance of caution, Plaintiff served Defendant with a pre-suit notice. The date of loss is April 10, 2017. Upon information and belief, the Policy at issue requires that Plaintiff file this lawsuit two years from the date of loss. As a result, Plaintiff must file its lawsuit before the expiration of the 61st day of serving Defendant with its pre-suit notice.

## VI. CAUSES OF ACTION

### A. Breach of Contract

18. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 17 of this petition.

19. Defendant entered into the Policy with Plaintiff.

20. Plaintiff's Property sustained damage during the Policy Period as a result of hail which is a covered cause of loss under the Policy.

21. Defendant breached the terms of the Policy by wrongfully denying and/or underpaying the Claim.

22. As a result of Defendant's breach of the Policy, Plaintiff has sustained actual damages and has incurred reasonable and necessary attorney's fees to date.

### B. Insurance Code Violations

EXHIBIT C

23. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 22 of this Petition.

*Prompt Payment of Claims Statute*

24. The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 et seq. of the Texas Insurance Code.

25. Plaintiff, therefore, in addition to Plaintiff's claim for damages is entitled to statutory interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

*541 Insurance Code Violations*

26. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

27. Defendant violated § 541.051 of the Texas Insurance Code by:

   (1) making statements misrepresenting the terms and/or benefits of the policy.

*Violation of § 541.060(a)(1):*

28. Defendant violated § 541.060(a)(1) by misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue.

*Violation of § 541.060(a)(2):*

29. Defendant violated § 541.060(a)(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear.

*Violation of § 541.060(a)(3):*

30. Defendant violated § 541.060(a)(3) by failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim.

*Violation of § 541.060(a)(4):*

31. Defendant violated § 541.060(a)(4) by failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff.

EXHIBIT C

*Violation of § 541.060(a)(5):*

32. Defendant violated § 541.060(a)(5) by refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered.

*Violation of § 541.060(a)(6):*

33. Defendant violated § 541.060(a)(6) by undertaking to enforce Plaintiff to sign a full and final release of a claim when only a partial payment has been made.

*Violation of § 541.060(a)(7):*

34. Defendant violated § 541.060(a)(7) by refusing to pay Plaintiff's Claim without conducting a reasonable investigation with respect to the Claim.

*Violation of § 541.060(a)(8):*

35. Defendant violated § 541.060(a)(8) by requiring Plaintiff to produce his federal income tax returns as a condition of settling Plaintiff's Claim (this is allowed if its Court ordered, it's a fire claim or the claim involves lost profits or income).

36. Defendant violated § 541.061 by:

    (1) making an untrue statement of material fact;
    (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;
    (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;
    (4) making a material misstatement of law; and
    (5) failing to disclose a matter required by law to be disclosed.

### C. DTPA Violations

37. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 36 of this Petition.

38. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

39. Defendant is a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

EXHIBIT C

40. Defendant violated the Texas Deceptive Trade Practices Act in the following respects:

   (1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;
   (2) Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed; and
   (3) Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

41. Upon information and belief, Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages and reasonable attorney's fees pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.    Breach of The Duty of Good Faith and Fair Dealing**

42. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 41 of this Petition.

43. Plaintiff and Defendant entered into a valid and enforceable insurance policy.

44. Defendant owed Plaintiff the common law duty of good faith and fair dealing.

45. Defendant breached the common law duty of good faith and fair dealing by wrongfully denying and/or underpaying the Claim and delaying payment on the Claim when Defendant knew or should have known liability was reasonably clear.

46. Upon information and belief, Defendant's actions were performed without due regard or care for the Claim process and were done intentionally and/or with gross negligence.

47. Defendant was aware at all times that its actions would result in the denial and/or underpayment of Plaintiff's Claim.

48. As a result of Defendant's acts and/or omissions, Plaintiff sustained actual damages.

## VII. Attorneys' Fees

49. Plaintiff reasserts and realleges the allegations set forth in paragraphs 7 through 48 of this petition.

50. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

51. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

52. Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

53. Plaintiff further prays that he/she/it be awarded all reasonable and necessary attorney's fees incurred in prosecuting Plaintiff's DTPA causes of action above pursuant to § 17.50(d).

## VIII. CONDITIONS PRECEDENT

54. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## IX. DEMAND FOR JURY

55. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## X. DISCOVERY REQUESTS

56. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

EXHIBIT C

57. You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, he recover actual damages, mental anguish and treble/exemplary damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**PRESTON DUGAS LAW FIRM, PLLC**
Oil & Gas Building
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102
Telephone:  (817) 945-3061
Facsimile:  (682) 219-0761
Email: preston@pjdlawfirm.com

By:/s/Preston J. Dugas III
PRESTON J. DUGAS III
State Bar No. 24050189
**ATTORNEY FOR PLAINTIFF**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

Plaintiff requests that Defendant answer the following: (1) Interrogatories separately and fully in writing under oath; (2) Requests for Production separately and fully in writing; and (3) Requests for Admissions separately and fully in writing. Plaintiff further requests that your answers to Interrogatories, Requests for Production, and Requests for Admissions be served on Plaintiff by and through his attorneys of record, Preston J. Dugas III, Preston Dugas Law Firm, PLLC and produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service to Preston Dugas Law Firm, PLLC. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

    a. You know the response made was incorrect or incomplete when made; or

    b. You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

### DEFINITIONS AND INSTRUCTIONS

A. These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B. If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C. If you claim that any document which is required to be identified or produced by you in any response is privileged:

EXHIBIT C

1. Identify the document's title and general subject matter;
2. State its date;
3. Identify all persons who participated in its preparation;
4. Identify the persons for whom it was prepared or to whom it was sent;
5. State the nature of the privilege claimed; and
6. State in detail each and every fact upon which you base your claim for privilege.

D. The term "Document" or "Documents" includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "document" or "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E. The terms "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F. In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

1. His or her name;
2. His or her last known business and residence address and telephone number; and
3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

**Plaintiff's Original Petition**                                               **Page 10**

EXHIBIT C

G. If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H. The term "Plaintiff" and "Plaintiffs'" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I. The term "Property" means the property located at 150 W Main St. Lewisville, TX 75057

J. The term "Lawsuit" means this lawsuit.

K. The term "Claim" refers to the Claim Number CP0017559025 that forms the basis of this lawsuit.

                Respectfully submitted,

                **PRESTON DUGAS LAW FIRM, PLLC**
                Oil & Gas Building
                309 W. 7th Street, Suite 1100
                Fort Worth, Texas 76102
                Telephone:   (817) 945-3061
                Facsimile:    (682) 219-0761
                Email: preston@pjdlawfirm.com

By:/s/*Preston J. Dugas III*
     PRESTON J. DUGAS III
     State Bar No. 24050189

**ATTORNEY FOR PLAINTIFF**

EXHIBIT C

## INTERROGATORIES TO DEFENDANT

1.  Identify each person(s) providing information for the answers to these interrogatories and state that person(s) role, if any, in handling the Claim.

ANSWER:

2.  Identify all persons and/or entities who handled the Claim in any form or fashion on behalf of Defendant.

ANSWER:

3.  During Defendant's investigation of the Claim (and prior to anticipation of litigation), describe all damage to the Property You found covered under the Policy.

ANSWER:

4.  Identify all exclusions under the Policy applied to the Claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

ANSWER:

5.  Please state the legal theories and describe in general the factual bases for each defense asserted by Defendant.

ANSWER:

## REQUESTS FOR PRODUCTION TO DEFENDANT

1. The following insurance documents issued for the Property as identified in the Petition:

    a. the Policy at issue for the April 2017 hail storm; and

    b. the policy declarations page for the 3 years preceding the April 2017 hail storm and any endorsements.

RESPONSE:

2. Produce your entire underwriting file for the Property.

RESPONSE:

3. All documents related to the condition of the Property prior to the April 2017 hail storm.

RESPONSE:

4. All documents related to damages of the Property sustained as a result of the April 2017 hail storm.

RESPONSE:

5. All documents related to any real property insurance claims made by Plaintiff in the past ten years.

RESPONSE:

6. All requests for information including but not limited to documents obtained via deposition upon written questions to any third party regarding the Property, the Plaintiff(s), or the Claim.

RESPONSE:

7. All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

8. A complete copy of the personnel file for all people and their managers and/or supervisors who directly handled the Claim.

RESPONSE:

9. If an engineer and/or engineering firm evaluated the Property, produce all reports written by the engineer and/or engineering firm regarding the Property.

RESPONSE:

**Plaintiff's Original Petition**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 13

EXHIBIT C

10. All correspondence and documents exchanged between You (including any of your employees) and any third party You used during the handling of the Claim.

RESPONSE:

11. Your entire claim file related to the Claim.

RESPONSE:

## FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT

**REQUEST FOR ADMISSION NO. 1:** Admit you committed statutory bad faith in adjusting Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2.** Admit you committed common law bad faith in adjusting Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3.** Admit you breached the insurance agreement by failing to pay the full amount owed there under.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4.** Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5.** Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

**RESPONSE:**

Respectfully submitted,

**PRESTON DUGAS LAW FIRM, PLLC**
Oil & Gas Building
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102
Telephone: (817) 945-3061
Facsimile: (682) 219-0761
Email: preston@pjdlawfirm.com

By:/s/*Preston J. Dugas III*
PRESTON J. DUGAS III
State Bar No. 24050189

**ATTORNEY FOR PLAINTIFF**

EXHIBIT C